IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01902-SKC-SBP

CRISTIAN N. CONSTANTINESCU,

    Plaintiff,

v.

ADVANCED MICRO DEVICES, INC.,

    Defendant.

## ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 14)

    Dr. Cristian Constantinescu (Plaintiff) is a naturalized United States citizen who was raised in Romania and speaks with a Romanian accent.[1] Dkt. 1, ¶¶12-14. Plaintiff has worked in the computer industry for over 27 years and is highly accomplished and an expert in his field of study. *Id*. at ¶¶15-16. He began working for Defendant Advanced Micro Devices, Inc., in 2006 and was employed there until he was laid off in October 2023. *See generally* Dkt. 1. According to Plaintiff, Defendant's decision to terminate his employment was because he is originally from Romania. *Id*.

---

[1] The Court accepts all allegations as true for the purpose of evaluating the Motion to Dismiss.

1

Plaintiff brought this action on July 9, 2024, asserting claims under Title VII of the Civil Rights Act and the Colorado Anti-Discrimination Act (CADA). Defendant moved for dismissal arguing Plaintiff had failed to state claims upon which relief can be granted. (Dkt. 14.) The matter is fully briefed, and no hearing is necessary. Having considered the Complaint, the Motion to Dismiss, the related filings, and the controlling law, the Court respectfully DENIES Defendant's Motion.

### A. STANDARD OF REVIEW

When considering whether a complaint states plausible claims for relief under Rule 12(b)(6), the Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

The *Twombly/Iqbal* pleading standard requires courts take a two-prong approach to evaluating the sufficiency of a complaint. *Id.* at 678–79. The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements

2

of a claim. *Id.* at 678. The second prong requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). But the standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009).

## B. ANALYSIS

Plaintiff contends he was terminated in violation of Title VII and CADA because his Romanian national origin.[2] Under Title VII, it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[3] An employee establishes an unlawful employment practice if he can demonstrate that

---

[2] In its Motion to Dismiss, Defendant sought dismissal of Plaintiff's CADA claim on the basis that the Colorado Civil Rights Division (CCRD) had not yet issued Plaintiff's "right-to-sue" letter. In the interim, the CCRD issued the letter, and Plaintiff has filed a copy of it with the Court. Dkt. 21. Thus, Defendant's argument in this regard is moot.

[3] "Colorado and federal law apply the same standards to discrimination claims." *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010). As such, the Court need only conduct one analysis for both the Title VII and CADA claims.

3

his "national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* § 2000e-2(m). A plaintiff can prove a Title VII claim "either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)." *Young v. United Parcel Serv., Inc.*, 75 U.S. 206, 213 (2015) (cleaned up).

"To set forth a prima facie case of discrimination, a plaintiff must establish that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (discussing similar factors in the context of reduction in force decisions). While Plaintiff is not required to establish a prima facie case in his complaint, he must allege sufficient facts supporting the elements of his causes of action to set forth plausible claims. *Khalik*, 671 F.3d at 1192.

While the allegations in Plaintiff's complaint are fairly thin, the Court finds he has met his burden under Federal Rules of Civil Procedure 8 and 12(b)(6). Plaintiff alleges he is an accomplished and knowledgeable expert in his field with over 27 years of experience. Dkt. 1, ¶¶15-16. When he began the application process for a promotion to the position of fellow in 2018, he had excellent performance reviews and the full support of his prior supervisor. *Id.* at ¶¶20-23. But after Steven Hesley became

4

Plaintiff's supervisor, Hesley rejected Plaintiff's application and told Plaintiff he was "below the line" for such a promotion. *Id.* at ¶¶25-27. However, other of Plaintiff's colleagues who were less qualified and did not speak with a foreign accent were fast-tracked to the position of fellow. *Id.* at¶¶28-29. In addition, on several occasions Hesley disregarded Plaintiff's suggestions or concerns, but was receptive to those same suggestions or concerns when employees without accents raised them. *Id.* at ¶¶31-37.

Plaintiff also alleges that since Hesley became his supervisor, his high visibility projects were taken away from him and reassigned to individuals without foreign accents, and he was given menial tasks and did not receive adequate support for his work. *Id.* at ¶¶41-45. Hesley also spoke to Plaintiff in a demeaning manner and gave Plaintiff only average performance ratings, which lowered Plaintiff's promotion potential. *Id.* at ¶¶47-48. And following a merger between AMD and another company, Plaintiff was laid off while other employees with less seniority, expertise, and experience, who did not have foreign accents, were retained. *Id.* at ¶¶57-59.

In its Motion, Defendant argues these allegations do not establish a claim of discrimination because there are no details regarding any individuals in a similar position who were treated more favorably. Dkt. 14, p.9. But the Court concludes that is a better argument for later stages of the proceedings such as motions for summary judgment or trial. At the pleadings stage, Plaintiff has alleged that he was regularly

5

treated unfavorably or disregarded whereas other less qualified individuals without foreign accents were not. And the Court is not persuaded by Defendant's argument that there can be no discrimination because Plaintiff had an accent when he was hired. The allegations are specific that this treatment began only when Hesley became Plaintiff's supervisor. Taking the allegations together and construing them in the light most favorable to Plaintiff, the Court concludes Plaintiff has raised a plausible inference he was laid off because of his national origin.[4]

\* \* \*

For the reasons shared above, the Court respectfully DENIES Defendant's Motion to Dismiss.

DATED: September 17, 2025.

BY THE COURT:

*[signature]*

S. Kato Crews
United States Magistrate Judge

---

[4] Defendant argues that many of the alleged discriminatory incidents are barred by the statute of limitations. But Plaintiff's claim is only based upon being laid off, which is undisputedly timely. As the Court understands it, the remaining allegations are offered as evidence that the decision to terminate Plaintiff's employment was based, at least in part, on his national origin.

6